```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Boards of Trustees of the Ohio
Laborers' Fringe Benefit         :
Programs,                        :

      Plaintiffs,               :

   v.                             :   Case No. 2:14-cv-02562

                                    :   JUDGE ALGENON L. MARBLEY
P22 Utility Restoration, Inc.,   Magistrate Judge Kemp

      Defendant.                :

<u>REPORT AND RECOMMENDATION</u>

     This matter is before the Court on a motion for default judgment brought by Plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs.  Plaintiffs filed this action pursuant to a collective bargaining agreement, alleging that P22 Utility Restoration, Inc. has failed to comply with the fringe benefit contribution requirements of that agreement.  The Clerk entered default against P22 Utility Restoration on April 21, 2015, and Plaintiffs subsequently moved for a default judgment, a motion which has been referred to the Magistrate Judge.  For the following reasons, the Court will recommend that the motion for default judgment be granted.

     Plaintiffs have moved for default judgment under Rule 55(b)(1).  That Rule provides that a judgment by default may be entered when the claim is for a sum certain or for a sum which can be made certain by computation.  Sums certain are sums that can be calculated from the terms of a written document such as a contract.  <u>Ironworkers Dist. Council of Southern Ohio v. Reinforcing Services Co., LLC</u>, 2009 WL 4154905, *2 (S.D Ohio Nov. 20, 2009).

     Here, according to the well-pleaded allegations of the

complaint, which are deemed admitted for purposes of ruling on the motion for default judgment, P22 Utility Restoration entered into certain collective bargaining obligating it to make contributions to the Plaintiffs on behalf of all persons employed within he trade and territorial jurisdiction of a laborer as defined in the agreements.  The complaint alleges that P22 Utility Restoration has failed to make certain monthly contributions as required by the agreements, and it specifically identified unpaid contributions for the months of January, March, and May of 2014, plus liquidated damages and interest.  Damages and interest are also sought for November and December, 2013, and June and July, 2014.

The funds involved in this case are multi-employee benefit plans within the meaning of ERISA, 29 U.S.C. §1145.

Section 1145 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall, to the extent and not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

ERISA, 29 U.S.C. 1132(g) provides:

(2)  In any action under this subchapter by a fiduciary  for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)   an amount equal to the greater of–
(I) interest on the unpaid contributions, or
(ii) liquidated damages provided under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

In this case, Plaintiffs have submitted the affidavit of Matthew A. Archer, fund administrator, stating that, based upon computations made under his direction, he has determined that P22 Utility Restoration owes a total of $4,600.46 in unpaid contributions and other amounts for the period from November, 2013 through August, 2014.  A worksheet attached to his affidavit breaks this amount down into $3,454.69 in unpaid principal contributions, $890.09 in damages, and $255.68 in interest.  Plaintiffs' attorney, Steven L. Ball, has submitted a separate affidavit requesting compensation for $1,976.25 based on the expenditure of 7.75 hours on the case, billed at the rate of $255.00 per hour.  The Court is satisfied that judgment in these amounts is supported by competent evidence.  Consequently, it will be recommended that the motion for default judgment be granted.

For the reasons stated above, the Court recommends that the motion for default judgment (Doc. 10) be granted and that the Clerk enter judgment in favor of the Plaintiffs and against Defendant as follows:

    1.    Audit finding/delinquent contributions, damages, and interest for the period November, 2013 to August, 2104 in the amount of $4,600.46;

    2.    Attorneys' fees in the amount of $1,976.25; and

    3.    Interest from the time of judgment at the rate of 1% per month.

Plaintiffs are also entitled to an award of costs, and may submit a separate bill of costs for taxation by the Clerk.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).
.

/s/ Terence P. Kemp
United States Magistrate Judge

4